IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01879-CNS-MEH

FAIR AMERICAN INSURANCE AND REINSURANCE COMPANY,

  Plaintiff,

v.

ROBERT BYRNES,

  Defendant.

___

**ORDER**

___

Before the Court is Defendant Robert Byrnes' Motion for Reconsideration to Summary Judgment (ECF No. 26), which appears to have been filed in response to United States Magistrate Judge Michael E. Hegarty's Recommendation (ECF No. 25) that the Court grant Plaintiff Fair American Insurance and Reinsurance Company's Motion for Partial Summary Judgment as to its breach of contract claim and defer ruling on Fair American's requested award of damages, attorney's fees, costs, and interest (ECF No. 19). For the reasons set forth below, the Court DENIES Mr. Byrnes' motion, and AFFIRMS and ADOPTS the Magistrate Judge's Recommendation in full.

**I. SUMMARY FOR PRO SE DEFENDANT**

On June 27, 2023, the Magistrate Judge recommended that this Court (i) grant Fair American's partial motion for summary judgment as to its breach of contract claim, and (ii) defer

1

ruling on Fair American's request for an award of damages, attorney's fees, costs, and interest until the exact amount owed could be established through supplemental briefing. On July 17, 2023, you filed a motion to reconsider, which was not a timely objection to the Magistrate Judge's recommendation. As such, the Court is denying your motion, and it is affirming and adopting the Magistrate Judge's recommendation in full. The Court will explain why it is doing so further below, and it will discuss the legal authority that supports this conclusion.

This Order results in a grant of summary judgment as to Fair American's breach of contract claim. The Court is also ordering each party to submit supplemental briefing to establish the amount of damages and other fees owed by you.

## II. BACKGROUND

The Magistrate Judge summarized the case's background and undisputed material facts, which the Court incorporates into this Order (ECF No. 25 at 1–5). The Magistrate Judge recommended granting summary judgment in Fair American's favor as to its breach of contract claim, and deferring ruling on Fair American's requested award of damages, attorney's fees, costs, and interest pending supplemental briefing (*see generally id.*). After the Magistrate Judge issued his Recommendation, Mr. Byrnes filed the instant motion to reconsider.

## III. ANALYSIS

Ordinarily, when a magistrate judge issues a recommendation, the district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A recommendation is only "properly objected to," however, if the party's objection is both specific and timely. *United States v. 2121 East 30th St.*,

73 F.3d 1057, 1059–60 (10th Cir. 1996). And pertinent here, a party's failure to file an objection within the time prescribed by Rule 72 may bar the party from a de novo determination by the district judge of the magistrate judge's proposed recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Here, Magistrate Judge Hegarty's Recommendation advised the parties that they had 14 days, after being served with a copy of the Recommendation, to file specific written objections in order to obtain review by this Court (*see* ECF No. 25 at 18, n.5 (citing Fed. R. Civ. P. 72)). But while the Recommendation was issued on June 27, 2023, Mr. Byrnes did not file the instant motion until 21 days later, on July 17, 2023. As such, even if the Court were to liberally construe[1] Mr. Byrnes' motion to reconsider[2] as an objection to the Recommendation, his objection is untimely.

Where, as here, no party has timely filed an objection to the magistrate judge's recommendation, the Court is "accorded considerable discretion" and "may review a [magistrate judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150). After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Hegarty's analysis in this case was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the

---

[1] Because Mr. Byrnes proceeds *pro se* in this matter, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). The Court will not serve as his advocate, however, and he must follow the same procedural rules and deadlines that govern all other litigants. *See Nielson v. Price*, 17 F.3d 12176, 1277 (10th Cir. 1994).

[2] If instead the Court construes Mr. Byrnes' filing exactly as it is styled—i.e., as a "motion to reconsider"—the Court notes two problems. First, the Federal Rules of Civil Procedure do not contemplate district judges "reconsidering" the *recommendations* of magistrate judges which have yet to be accepted as *orders* of the court. Second, and more importantly, the Court finds that Mr. Byrnes' three-page motion only points to portions of earlier-submitted evidence unaccompanied by any significant argument, and thus fails to set forth grounds to reconsider the recommended grant of summary judgment. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.").

face of the record. Accordingly, the Court affirms and adopts Magistrate Judge Hegarty's Recommendation.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. The Motion for Reconsideration to Summary Judgment is DENIED (ECF No. 26);

2. The Magistrate Judge's Recommendation is AFFIRMED and ADOPTED as an Order of this Court (ECF No. 25);

3. The Motion for Partial Summary Judgment is GRANTED IN PART (ECF No. 19), as follows:

    a. Fair American's motion for summary judgment is GRANTED as to its breach of contract claim;

    b. The Court DEFERS RULING on Fair American's request for an award of damages incurred as a result of the breach of contract. Within 21 days after the date of this Order, Plaintiff shall file a written brief not to exceed 15 pages establishing the scope and amount of its damages. Within 21 days after the filing of Plaintiff's brief, Defendant may file a response brief not to exceed 15 pages. Plaintiff may file a reply brief in support of its request within 14 days after Defendant's response brief.

    c. Following entry of judgment in this case, Plaintiff may file a separate motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d).

DATED this 5th day of September 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge